IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)   Civil Action No. _____ |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Defendant Federal Emergency Management Agency (FEMA) has violated the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by failing to timely release responsive records concerning its implementation of the National Flood Insurance Program.

2. The Program was established in 1968 to provide federally subsidized flood-insurance policies to property owners who could not afford private flood insurance, and to promote a unified floodplain-management effort that would reduce flood losses. Because the subsidies encourage residents to remain in floodplains and vulnerable coastal areas, the Program has increased exposure to flood losses in many of our nation's most flood-prone areas.

3. Overdevelopment in flood-prone areas increases the risk that people will be injured and displaced during floods. Injuries, deaths, community dislocation, and property and environmental damage caused by flooding are expected to increase as sea levels rise and extreme storms become more frequent.

4. Overdevelopment in flood-prone areas also diminishes the ecological benefits that floodplains otherwise provide. These include floodwater retention, fisheries support, groundwater replenishment, water filtration, and recreation.

5. Plaintiff Natural Resources Defense Council (NRDC) seeks information about FEMA's current implementation of the Program to aid NRDC's efforts to educate the public about the human and environmental devastation caused by flooding and to promote federal and state policies that reduce the devastation.

6. On June 20, 2014, NRDC submitted a FOIA request to FEMA seeking records concerning FEMA's implementation of the Program and requesting that FEMA waive the fees it would otherwise charge for search and production (June Request).

7. On June 23, 2014, FEMA acknowledged receipt of the June Request and "conditionally" granted NRDC's request for a fee waiver.

8. On September 16, 2014, NRDC submitted a second FOIA Request to FEMA seeking more records concerning FEMA's implementation of the Program and requesting that FEMA waive the fees it would otherwise charge for search and production (September Request).

9. On September 18, 2014, FEMA acknowledged receipt of the September Request and "conditionally" granted NRDC's request for a fee waiver.

10. FOIA required FEMA to respond to the June Request by August 5, 2014, and to the September Request by October 31, 2014. FEMA has failed to provide NRDC with any records responsive to the June and September Requests, and has failed to provide NRDC with a final determination as to whether FEMA will produce any records, whether it will withhold any records pursuant to FOIA's statutory exemptions from disclosure, and its rationale for any withholdings.

11. NRDC seeks a declaration that FEMA has violated FOIA by failing to provide a final determination as to whether it will comply with NRDC's requests, and by failing to release responsive, non-exempt records by the statutory deadlines. NRDC also seeks an injunction ordering FEMA to release to NRDC, without further delay and at no cost to NRDC, all responsive, non-exempt records.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

13. Venue is proper in the Southern District of New York because NRDC resides and has its principal place of business in this judicial district. 5 U.S.C. § 552(a)(4)(B).

## THE PARTIES

14. Plaintiff NRDC is a national, not-for-profit environmental and public-health advocacy organization with approximately 300,000 members. NRDC engages in research, policy analysis, communications, legislative work, and litigation to protect public health and the environment and foster sustainable communities.

15. Defendant FEMA is a federal agency within the meaning of FOIA, 5 U.S.C. § 551(1), and possess or controls the records that NRDC seeks in this action.

## STATUTORY AND REGULATORY FRAMEWORK

16. FOIA requires federal agencies to release records to the public upon request, unless one of nine specific statutory exemptions from disclosure applies. 5 U.S.C. § 552.

17. Within twenty business days of receiving a FOIA request, an agency must "determine . . . whether to comply" with the request. *Id.* § 552(a)(6)(A)(i). The agency must "immediately notify" the requester "of such determination and the reasons therefor." *Id.*

18. In "unusual circumstances," the agency may extend its deadline by up to ten days by providing "written notice to the person making [the FOIA] request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i).

19. If the agency fails to provide the requester a final determination within the statutory time limit, the requestor is deemed to have exhausted administrative remedies and may immediately seek judicial relief. *Id.* § 552(a)(6)(C)(i).

20. Once the agency determines that it will comply with a FOIA request, it must "promptly" release responsive, non-exempt records to the requester. *Id.*

21. FOIA and FEMA's FOIA regulations require FEMA to release requested records without charge "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," 5 U.S.C. § 552(a)(4)(A)(iii); 6 C.F.R. § 5.11(k)(1), or if the requester qualifies as a "representative of the news media," 5 U.S.C. § 552(a)(4)(A)(ii)(II); 6 C.F.R. § 5.11(k)(2)(iii).

## FACTS

**The June Request**

22. NRDC submitted its June Request to FEMA by email and Priority U.S. Mail on June 20, 2014.

23. The June Request seeks records concerning FEMA's implementation of the National Flood Insurance Program (Program). These include implementation agreements between FEMA and the states of New Jersey, Missouri, New York, Texas, Florida, California,

North Carolina, and Pennsylvania; a Program guidance manual; and a list of communities in those states that are currently violating Program requirements.

24. In a June 23, 2014 email, FEMA confirmed receipt of the June Request and "conditionally" granted NRDC's request for a fee waiver. FEMA assigned the June Request the reference number FEMA 2014-FEF0-00775. FEMA also extended its deadline to respond by ten days, pursuant to 5 U.S.C. § 552(a)(6)(B).

25. Pursuant to the deadline established by FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (a)(6)(B), FEMA's final response to the June Request was due on August 5, 2014.

26. FEMA did not provide a final response to the June Request by August 5, 2014.

27. To date, FEMA has failed to provide a final response and to release any records in response to the June Request.

**The September FOIA Request**

28. NRDC submitted its September Request to FEMA by email and Priority U.S. Mail on September 16, 2014.

29. The September Request sought records concerning private-property owners in New Jersey, Missouri, New York, Texas, Florida, California, North Carolina, and Pennsylvania who have undertaken flood risk mitigation measures.

30. In a September 18, 2014 email, FEMA confirmed receipt of the September Request and "conditionally" granted NRDC's request for a fee waiver. FEMA assigned the September Request the reference number FEMA 2014-FEF0-00948. FEMA extended its deadline to respond by ten days, pursuant to 5 U.S.C. § 552(a)(6)(B).

31. Pursuant to the deadline established by FOIA, 5 U.S.C. § 552(a)(6)(A)(i) and (a)(6)(B), FEMA's final response to the September Request was due on October 31, 2014.

32.     FEMA did not provide a final response to the September Request by October 31, 2014.

33.     To date, FEMA has failed to provide a final response and to release any records in response to the September Request.

34.     Release of the records NRDC requested in the June and September Requests is in the public interest because it is likely to contribute significantly to public understanding of FEMA's operations and activities, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k)(1). NRDC also has no commercial interest in the records.

35.     NRDC is also a "representative of the news media," pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 6 C.F.R. § 5.11(k)(2)(iii).

36.     NRDC seeks a declaration that FEMA has violated FOIA by failing to make a final determination about whether to comply with NRDC's June and September Requests by the statutory deadlines, and by failing to release responsive, non-exempt records. NRDC also seeks an injunction ordering FEMA to promptly release all responsive, non-exempt records to NRDC, at no cost to NRDC. In the event that FEMA determines that any responsive records are exempt from disclosure and withholds those records, NRDC also seeks an injunction ordering FEMA to produce a *Vaughn* index identifying the records or parts thereof that FEMA withholds and the basis for its withholdings.

37.     In the event that this Court orders FEMA to release records responsive to NRDC's requests, or that FEMA agrees, through a consent decree or otherwise, to release records responsive to NRDC's requests, NRDC asks the Court to retain jurisdiction to rule on any relevant claims concerning the scope of FEMA's FOIA obligations (such as claims that responsive records are exempt from disclosure or that NRDC does not qualify for a fee waiver).

38. NRDC brings this action on behalf of itself and its members. NRDC and its members have been and continue to be injured by FEMA's failure to timely release responsive, non-exempt records. The requested relief will redress these injuries.

## CLAIMS FOR RELIEF

### FIRST CLAIM

39. NRDC incorporates by reference all preceding paragraphs.

40. NRDC has a statutory right under FOIA to immediately obtain all records responsive to the June Request that are not exempt from disclosure under FOIA.

41. FEMA violated its statutory duty under FOIA, 5 U.S.C. § 552(a), to release to NRDC all non-exempt records responsive to the June Request.

### SECOND CLAIM

42. NRDC incorporates by reference all preceding paragraphs.

43. NRDC has a statutory right under FOIA to immediately obtain all records responsive to the September Request that are not exempt from disclosure under FOIA.

44. FEMA violated its statutory duty under FOIA, 5 U.S.C. § 552(a), to release to NRDC all non-exempt records responsive to the September Request.

//

**REQUEST FOR RELIEF**

NRDC respectfully requests that this Court enter a judgment:

A. Declaring that FEMA has violated FOIA by failing to issue a final determination on, and to release all non-exempt records responsive to, NRDC's June and September Requests by the statutory deadlines;

B. Ordering FEMA to release all responsive, non-exempt records to NRDC without further delay, and at no cost to NRDC;

C. Retaining jurisdiction over this case to rule on any relevant claims concerning the scope of FEMA's obligations under FOIA;

D. In the event that FEMA determines that any responsive records are exempt from disclosure and withholds those records, ordering FEMA to produce a *Vaughn* index identifying the records or parts thereof that it withholds and the basis for its withholdings;

E. Awarding NRDC its reasonable costs and attorneys' fees; and

F. Granting such other relief as the Court deems just and proper.

Dated: New York, NY
June 18, 2015

        Respectfully submitted,

        /s/ Nancy S. Marks
        Nancy S. Marks (NM 3348)
        Natural Resources Defense Council
        40 West 20th Street
        New York, NY 10011
        Tel.: 212-727-4414
        Fax: 212-727-1773
        nmarks@nrdc.org

        *Counsel for Plaintiff Natural Resources Defense Council*